



### OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. 0-1373
Re:   Whether members of Texas Highway
      Patrol may travel on passes
      granted by transportation
      agencies.

We are in receipt of your letter of August 31, 1939, wherein you request our opinion as to whether or not the granting of passes or franking privileges from any transportation agency to members of the Texas Highway Patrol would be a violation of the anti-pass provision of the appropriation bill passed by the 46th Legislature. We assume that you have reference to the anti-pass provisions of Senate Bill 427, 46th Legislature.

We enclose herewith copy of opinion No. 0-445 of this Department written by Assistant Attorney General James P. Hart to James E. Kilday, Director, Motor Transportation Division of the Railroad Commission. You will note that the opinion is therein expressed that the anti-pass provisions of Senate Bill 427 are unconstitutional and of no force and effect, due to the failure of the title or caption of the bill to give reasonable notice that it contains provisions relating to the subject of the prohibition of free passes to State employees. Such anti-pass provisions being void the same cannot be violated.

Lest our opinion be misleading, however, we feel impelled to point out to you Article 4005, Revised Civil Statutes, prohibiting generally the granting of free passes and franking privileges by steam or electric railway companies, street railway companies, interurban railway companies, other chartered transportation companies, express companies, sleeping car companies, telegram companies, telephone companies and other persons or associations of persons operating the same to any person, firm or association of persons except as thereafter provided in the same title. Article 4006, Revised Civil Statutes, sets forth a long list of persons to whom free passes may be granted.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Homer Garrison, Jr. #2

A large number of these are public officers and as to most of them no specific requirement is made that they shall be engaged in the discharge of official duties at the time of making use of the free pass or franking privilege. As to others, however, there are restrictions. Among the exceptions listed under said Article 4006 are the following:

"... United States Marshals and no more than two of the deputies of each such marshal; State rangers; the Adjutant General and Assistant Adjutant General of this State; members of the State militia in uniform and when called into the service of the State; sheriffs and no more than two of their deputies; constables and no more than two of their deputies; chiefs of police or city marshals, whether elected or appointed; members of the Livestock Sanitary Commission of Texas and their inspectors not to exceed twenty-five in number for any one year; and any other bona fide peace officer when his duty is to execute criminal process; bona fide policemen or firemen in the service of any city or town in Texas when such policemen or firemen are in the discharge of their public duty, but this provision shall not be construed so as to apply to persons holding commissions as special policemen or firemen."

Members of the Texas Highway Patrol are not specifically named amongst the exceptions provided in Article 4006. A highway patrolman being a peace officer, however, we think he could properly receive a pass and make use of the same while engaged in the execution of criminal process.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed: GLENN R. LEWIS
Glenn R. Lewis
Assistant

GRL:N

APPROVED SEP 11, 1939
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By WRK
Chairman